UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Case No. 12-25884CMB |
| MILTON D. JEFFERIES | Chapter 13 |
| BARBARA J. JEFFERIES | Document #_____ |
| Debtor(s) | |
| Ronda J. Winnecour, Trustee | |
| Movant | |
| vs. | |
| MILTON D. JEFFERIES | |
| BARBARA J. JEFFERIES | |
| Respondent(s) | |

## TRUSTEE'S CERTIFICATE OF DEFAULT REQUESTING
## DISMISSAL OF CASE

Ronda J. Winnecour, Standing Chapter 13 Trustee, respectfully represents the following:

1.    The debtor(s)' plan is in material default, in that the payments required by the plan have not been made.

2.    The plan currently requires the debtor(s) to pay to the Trustee the sum of $1,092 per month.

3.    The plan is $4368 in arrears, including the payment due for the month of March 2017.

WHEREFORE, the Trustee requests that this case be dismissed without prejudice.


03/20/2017                                          /s/ Ronda J. Winnecour
                                                    RONDA J WINNECOUR PA ID #30399
                                                    CHAPTER 13 TRUSTEE WD PA
                                                    600 GRANT STREET
                                                    SUITE 3250 US STEEL TWR
                                                    PITTSBURGH, PA  15219
                                                    (412) 471-5566
                                                    cmecf@chapter13trusteewdpa.com

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

In re:                                               Case No. 12-25884CMB
MILTON D. JEFFERIES                                  Chapter 13
BARBARA J. JEFFERIES
                Debtor(s)
Ronda J. Winnecour, Trustee                          Related to Document No._____
                Movant
        vs.
MILTON D. JEFFERIES
BARBARA J. JEFFERIES
                Respondent(s)

## ORDER

        AND NOW, this _____ day of _____, 20____, the Court
having considered the Chapter 13 Trustee's certification (or request) for dismissal, and any responses
thereto, the following relief (as reflected by the checked boxes below) is ***ORDERED,
ADJUDGED and DECREED:***

☐       This case is ***DISMISSED***, with prejudice. The Debtor(s) is/are ineligible for bankruptcy relief
        under any chapter for a period of 180 days from the date of this Order.

☐       This case is ***DISMISSED***, without prejudice.

        If either of the above provisions is checked, indicating that this case is being dismissed, then it is
        ***FURTHER ORDERED*** as follows:

        A.      Each wage attachment issued in this case is now terminated. So that each employer
                knows to stop the wage attachment, the Debtor(s) shall immediately serve a copy of this
                Order on each employer and file a proof of service within 10 days of the date of this
                Order.

        B.      This case is administratively closed. However, Court retains jurisdiction over the
                Trustee's Report of Receipts and Disbursements and Final Report and Account. Upon
                submission of UST Form 13-FR-S: Chapter 13 Standing Trustee's Final Report and
                Account, the Trustee is discharged from her duties in this case and this case will be
                closed without further Order of Court.

C.    The Clerk shall give notice to all creditors of this dismissal.

D.    Any motion to reopen must be accompanied by the appropriate reopening fee, equal to the filing fee for the appropriate chapter (less administrative fee), together with the unpaid $_____ portion of the original filing fee.

E.    The Debtor remains legally liable for all debts as if the bankruptcy petition had not been filed.  This bankruptcy case no longer prevents collection efforts or lawsuits.  Creditor collection remedies are reinstated pursuant to 11 U.S.C. Section 349, and creditors are directed to 11 U.S.C. Section 108(c) for time limits on filing a lawsuit to collect.  Generally, a creditor's lawsuit must be filed by the later of:

   (1)    the time deadline provided by state law; or

   (2)    30 days after the date of this notice.

☐    This case is not dismissed. The plan term is extended to a total of ___ months; the monthly plan payment amount is changed to $_____ effective_____ .

☐    This case is not dismissed at this time.  However, in the event of any future plan default by the Debtor(s), then on the Trustee's certificate of default, this case shall be dismissed _____ with / _____ without prejudice, without further notice or hearing.

☐    Other: _____
_____
_____
_____
_____
_____


BY THE COURT:


Dated : _____          _____
                                                                    United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

In re:                                          Case No. 12-25884CMB
MILTON D. JEFFERIES                              Chapter 13
BARBARA J. JEFFERIES
                    Debtor(s)
Ronda J. Winnecour, Trustee
                    Movant
        vs.
MILTON D. JEFFERIES
BARBARA J. JEFFERIES
                    Respondent(s)

**CERTIFICATE OF SERVICE**

I hereby certify that on the date shown below, I served a true and correct copy of the Trustee's Certificate of Default with proposed order of Court upon the following, by regular United States mail, postage prepaid, addressed as follows:

MILTON D. JEFFERIES
BARBARA J. JEFFERIES
C/O BRYAN P KEENAN ESQ
BRYAN P KEENAN & ASSOC PC
993 GREENTREE RD STE 101
PITTSBURGH,  PA  15220

BRYAN P KEENAN ESQ
BRYAN P KEENAN & ASSOC PC
993 GREENTREE RD STE 101
PITTSBURGH,  PA  15220

03/20/2017                              /s/ Renee Ward

Administrative Assistant
Office of the Chapter 13 Trustee
CHAPTER 13 TRUSTEE WD PA
600 GRANT STREET
SUITE 3250 US STEEL TWR
PITTSBURGH, PA  15219
(412) 471-5566
cmecf@chapter13trusteewdpa.com